1
2
3
4
5
6

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| DION QUINN, | CASE NO. C23-0665JLR |
| Plaintiff, | ORDER |
| v. | |
| LLOYD J. AUSTIN, III, | |
| Defendant. | |

Before the court is Defendant Lloyd J. Austin, III's motion for an extension of the of the initial scheduling deadlines. (Mot. (Dkt. # 23).) In particular, Defendant seeks a stay of discovery pending the court's ruling on Defendant's forthcoming motion to dismiss. (*Id.* at 1.) Although Plaintiff Dion Quinn declined to stipulate to an extension (*id.* at 2), he does not oppose Defendant's motion (*see generally* Dkt.). The court has considered Defendant's submission, the relevant portions of the record, and the governing law. Being fully advised, the court GRANTS Defendant's motion.

//

ORDER - 1

Pursuant to the court's October 13, 2023 order, the Rule 26(f) conference deadline was October 27, 2023, and the parties' initial disclosures deadline is November 13, 2023. (10/13/23 Order (Dkt. # 21) at 1.)  However, "district courts, upon a showing of 'good cause,' have broad discretion in determining whether to stay discovery pending the resolution of a potentially dispositive motion."  *Zeiger v. Hotel Cal. by the Sea LLC*, No. C21-1702TL-SKV, 2022 WL 1499670, at *2 (W.D. Wash. May 12, 2022) (citing *Jarvis v. Regan*, 833 F.2d 149, 155 (9th Cir. 1987)); *see also Little v. City of Seattle*, 863 F.2d 681, 685 (9th Cir. 1988).  When the court is considering whether to stay discovery based on a potentially dispositive motion, good cause is determined through a two-part test.  *Ahern Rentals Inc. v. Mendenhall*, No. C20-0542JCC, 2020 WL 8678084, at *1 (W.D. Wash. July 9, 2020).  "First, the pending motion must be potentially dispositive of the entire case, or at least on the issue to which discovery is directed.  Second, the court must determine if the pending dispositive motion can be decided without additional discovery."  *Id.* (citing *Panola Land Buyer's Ass'n v. Shuman*, 762 F.2d 1550, 1560 (11th Cir. 1985)).

Defendant has shown good cause to issue a stay of discovery.  First, Defendant asserts that the "motion to dismiss will challenge two key deficiencies—subject matter jurisdiction and venue—one of which has potential to dispose of the case in its entirety, and the other, to potentially transfer the case to a different judicial district." (Mot. at 3); *see also Ahern*, 2020 WL 8678084, at *1 ("[A] challenge to venue is a 'common example' of a situation warranting a stay of discovery." (quoting *Twin City Fire Ins. Co. v. Emps. Ins. of Wausau*, 124 F.R.D. 652, 653 (D. Nev. 1989))).  Second, Defendant

argues that a ruling on its motion to dismiss will not require additional discovery because "the totality of the issues to be raised via motion can be resolved through review of the operative complaint and/or his EEO materials (over which this [c]ourt may take judicial notice)." (Mot. at 3); *see also Lacayo v. Donahoe*, No. 14-cv-04077-JSC, 2015 WL 993448, at *9 (N.D. Cal. Mar. 4, 2015) ("[I]t is well established that courts may consider the administrative record of a plaintiff's claims before the EEOC as judicially noticeable matters of public record."). The court also considers Mr. Quinn's failure to respond to Defendant's motion as an admission that it has merit. Local Rules W.D. Wash. LCR 7(b)(2). Accordingly, Defendant has established that there is good cause to issue a stay of discovery pending the forthcoming motion to dismiss.

For the foregoing reasons, the court GRANTS Defendant's motion (Dkt. # 23). The court expects that Defendant will timely file the motion to dismiss by November 14, 2023. The new initial scheduling deadlines are as follows:

| | |
|---|---|
| Deadline for FRCP 26(f) Conference: | 3/1/2024 |
| Initial Disclosures Pursuant to FRCP 26(a)(1): | 3/18/2024 |
| Combined Joint Status Report and Discovery Plan as Required by FRCP 26(f) and Local Civil Rule 26(f): | 3/22/2024 |

The deadlines above may be extended only by order of the court. Any request for an extension should be made by filing a motion or stipulated motion pursuant to Local Civil Rule 7(j). The parties are directed to meet and to confer before requesting an extension.

//

Dated this 13th day of November, 2023.

JAMES L. ROBART  
United States District Judge

ORDER - 4